UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-02677-JLS-PVC                                                  Date: April 26, 2023
Title: Miguel Hernandez v. Oakmont Estate Investments LLC et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|   V.R. Vallery   | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER DECLINING SUPPLEMENTAL JURISDICTION AND DISMISSING STATE-LAW CLAIMS WITHOUT PREJUDICE**

   The Complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the federal Americans with Disabilities Act ("ADA") and a claim for damages pursuant to California's Unruh Act.  On April 12, 2023, the Court ordered Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and other state-law claims.  (OSC, Doc. 11.)  Plaintiff timely responded.  (Response, Doc. 12.)  Having considered Plaintiff's response, the Court finds exercise of supplemental jurisdiction is not warranted under the circumstances.  Accordingly, Plaintiff's Unruh Act claim and other state-law claims are DISMISSED WITHOUT PREJUDICE to filing in state court.

   **I.   Legal Standard**

   In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Even if supplemental jurisdiction exists, district courts have discretion to decline to exercise supplemental jurisdiction:

   The district courts may decline to exercise supplemental jurisdiction over a
      claim under subsection (a) if—

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:23-cv-02677-JLS-PVC | Date: April 26, 2023 |
| Title: Miguel Hernandez v. Oakmont Estate Investments LLC et al | |

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Supreme Court has described 28 U.S.C. § 1367(c) as a "codification" of the principles of "'economy, convenience, fairness, and comity'" that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

District courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors" including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago*, 522 U.S. at 173. The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *Id.* (quoting *Cohill*, 484 U.S. at 350).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-02677-JLS-PVC　　　　　　　　　　　　　　　Date: April 26, 2023
Title: Miguel Hernandez v. Oakmont Estate Investments LLC et al

The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under" 28 U.S.C. §§ 1367(c)(1)-(3), *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998), but does require a district court to "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values provide compelling reasons for declining jurisdiction in such circumstances." *Executive Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994). According to the Ninth Circuit, this "inquiry is not particularly burdensome." *Id.* When declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4), "the court must identify the predicate that triggers the applicability of the category (the exceptional circumstances), and then determine whether, in its judgment, the underlying *Gibbs* values are best served by declining jurisdiction in the particular case (the compelling reasons)." *Id.*

## II.　Discussion

As the Court indicated in its prior Order, "[b]y enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face for claims for statutory damages under the Unruh Act. Plaintiffs who file these actions in federal court evade these limits and pursue state law damages in a manner inconsistent with the state law's requirements." (OSC at 2.) It is not, under the *Gibbs* factors, "fair" to defendants that plaintiffs may pursue construction-related accessibility claims in this Court while evading the limitations California state law has imposed on such claims. In addition, to allow federal courts to become an escape hatch allowing plaintiffs to pursue such claims is also an affront to the comity between federal and state courts. *Garibay v. Rodriguez*, No. 2:18-CV-09187-PA-AFM, 2019 WL 5204294, at *5 (C.D. Cal. August 27, 2019).

Moreover, such evasion places tremendous strain on the federal courts. The number of construction-related accessibility claims filed in the Central District has skyrocketed both numerically and as a percentage of total civil filings since California began its efforts to curtail the filing of such actions. According to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-cv-02677-JLS-PVC | Date: April 26, 2023 |
| Title: Miguel Hernandez v. Oakmont Estate Investments LLC et al | |

cases were in effect, there were 419 ADA cases filed in the Central District, which constituted 3% of the civil actions filed.  Filings of such cases increased from 928 (7% of civil cases) in 2014, the year before the imposition of the additional $1,000 filing fee and additional pleading requirements for high-frequency litigants, to 1,386 (10% of civil cases) in 2016, the first full year of those requirements.  The number and percentage of such cases filed in the Central District has increased in each year since California acted to limit the filings by high-frequency litigants, reaching 1,670 (12% of civil cases) in 2017, 1,670 (18% of civil cases) in 2018, and 1,868 cases (24% of civil cases) in the first six months of 2019.  The coincidence of astronomical growth in the filing of these cases in federal court with California's limitations on construction-related accessibility claims suggests that it is precisely because the federal courts have not adopted California's limitations on such claims that federal courts have become the preferred forum for them, and that coincidence also belies Plaintiff's alternative rationales for filing Unruh Act claims in federal court.  *See Garibay*, 2019 WL 5204294, at *4 ("Indeed, those reasons, if true at all, do not explain why nearly 9 times more construction-related accessibility actions are being filed in the Central District in 2019 than were filed in 2013.").

Accordingly, the Court concludes that California's enactment of laws restricting construction-related accessibility claims, combined with the burden the ever-increasing number of such cases poses to the federal courts, presents "exceptional circumstances" and "compelling reasons" that justify the Court's discretion to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and other state-law claims in this action under 28 U.S.C. § 1367(c)(4).  *See Shutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) (relying on *Hanna v. Plummer*, 380 U.S. 460, 467-68 (1965), for the proposition that federal courts are permitted to decline supplemental jurisdiction to discourage improper forum-shopping, such as ADA plaintiffs "use [of] federal court as an end-around to California's pleading requirements").  Moreover, the Ninth Circuit has endorsed this position.  *See Arroyo v. Rosas*, 19 F.4th 1202, 1211 (9th Cir. 2021) (holding that district court did not abuse its discretion in concluding that the "distinctive configuration of California-law rules" as relates to ADA cases presents exceptional circumstances that justify declining supplemental jurisdiction).  Further, the Court sees no prejudice in requiring Plaintiff's state-law claims be heard in state Court.  *See Garibay*, 2019 WL 5204294, at *6 ("[D]eclin[ing] supplemental jurisdiction does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-02677-JLS-PVC                             Date: April 26, 2023
Title: Miguel Hernandez v. Oakmont Estate Investments LLC et al

deprive plaintiff of any remedies.  Nor does it allow an ADA claim for injunctive relief to go unaddressed."). As stated in *Garibay,* "if Plaintiff legitimately seeks to litigate this action in a single forum, Plaintiff may dismiss this action and refile it in state court in accordance with the requirements California has imposed on such actions." *Id*.

### III.     Conclusion

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and other state-law claims in this action, and the claims are DISMISSED WITHOUT PREJUDICE to filing in state court.

Initials of Deputy Clerk:  vrv